**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| Thentia Global Systems Inc., *et al.* | Case No. 26-10222 (CTG) |
| Debtors in a Foreign Proceeding.[1] | Joint Administration Requested |

**MOTION OF THE FOREIGN REPRESENTATIVE FOR ENTRY OF AN ORDER (I) SPECIFYING FORM AND MANNER OF SERVICE OF THE RECOGNITION HEARING NOTICE UNDER SECTIONS 105(a), 1514 AND 1515 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 9007, (II) SCHEDULING HEARING, AND (III) GRANTING RELATED RELIEF**

Grant Thornton Limited, in its capacity as a court-appointed monitor and foreign representative (the "Monitor" or "Foreign Representative") for the above captioned foreign debtors (collectively, the "Debtors") in the Canadian Proceedings (as defined below) pending before the Ontario Superior Court of Justice, initiated under the CCAA (as defined below), and not in its personal or corporate capacity, hereby moves (the "Motion") as follows.

**RELIEF REQUESTED**

1.      Pursuant to sections 105(a), 1514 and 1515 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Foreign Representative respectfully requests entry of an order substantially in the form attached as **Exhibit A** (the "Proposed Order"):

---

[1] The Debtors and the last four digits of their U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Thentia Global Systems Inc. (6299) (Ontario Corporation No.); Thentia USA Inc. (5913) (FEIN); Thentia Canada Inc. (8980) (Ontario Corporation No.); Thentia UK Limited (7160) (Company Registration No.); Thentia Payments Canada Inc. (7811) (Ontario Corporation No.); Thentia Consulting Services Canada Inc. (2140) (Ontario Corporation No.); Thentia Quebec Inc. (3851) (Quebec Corporation No.); Thentia Payments USA Inc. (1290) (FEIN); Thentia Consulting Services USA Inc. (6421) (Delaware Corporation No.); and Thentia Europe Limited (7932) (Company Registration No.).   The Debtors' mailing address is 60 Adelaide St, Third Floor, Toronto, ON Canada M5C 3E4.

a. approving the form of notice attached to the Proposed Order as **Exhibit 1** (the "Recognition Hearing Notice"), which is designed to provide parties in interest notice of the following:

   i. the Foreign Representative's filing of petitions for recognition under chapter 15 of the Bankruptcy Code (the "Petitions") and certain related papers, including the *Motion of the Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Proceeding and Certain Related Relief under Sections 105(a), 362, 365, 1517, 1519, 1520, and 1521 of the Bankruptcy Code* (the "Recognition Motion");

   ii. the Court's entry of a provisional order (the "Provisional Order") (x) enforcing in the United States, on a provisional basis, the Initial Order entered on February 9, 2026, by the Superior Court of Justice (Commercial List) in Ontario, Canada (the "Canadian Court") and (y) granting, on a provisional basis, related relief sought in the Recognition Motion;

   iii. the deadline to object (the "Recognition Objection Deadline") to the Petitions and the Court's entry of an order (the "Final Order") granting recognition of the Canadian Proceeding (defined below) and granting, on a final basis, the other relief sought in the Recognition Motion, and

   iv. the date, time and location of the Recognition Hearing (defined below);

b. scheduling a hearing (the "Recognition Hearing") for the Court to consider the Petitions, recognition of the Canadian Proceeding (defined below) as a foreign main proceeding, or in the alternative, a foreign nonmain proceeding, and the other relief sought in the Recognition Motion on a final basis;

c. approving the manner of service of the Recognition Hearing Notice;

d. approving the manner of service on the Master Service List (as defined below) of any papers that the Foreign Representative files and is required to serve in these chapter 15 cases; and

e. granting related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core matters under 28 U.S.C. § 157(b)(2)(P).

3. The Foreign Representative, solely in its capacity as authorized foreign representative, and not in its personal or corporate capacity, consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. Venue in this district is proper under 28 U.S.C. §§ 1410(1) and (3).

## BACKGROUND

5. On or about February 9, 2026, the Debtors commenced proceedings (the "Canadian Proceedings") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA"). On the same date, the Canadian Court entered the Initial Order, which, among other things, appointed the Foreign Representative as of the Debtors.

6. On the date hereof, the Foreign Representative filed petitions under chapter 15 of the Bankruptcy Code for recognition of the Canadian Proceeding, thereby commencing the Debtors' chapter 15 cases.

7. Additional information concerning the Debtors and the Canadian Proceeding is found in the contemporaneously filed *Declaration of Darren Crocker in Support of (I) Chapter 15 Petitions for Recognition of Foreign Proceeding, (II) Motion of the Foreign Representative for Entry of Provisional and Final Relief in Aid of Foreign Proceeding, and (III) Certain Related Relief* (the "Crocker Declaration"). The Crocker Declaration is incorporated herein by reference.

**PROPOSED NOTICE, OBJECTION PROCEDURES AND HEARING**

    **A.**    **Notice Procedures and Master Service List**

    8.    The Foreign Representative proposes to serve the Recognition Hearing Notice, along with the Petitions, the Provisional Order, and the Recognition Motion (including the proposed Final Order) by mail within three business days of entry of the Proposed Order, or as soon thereafter as is reasonably practicable, on the following parties or their counsel (if known) (collectively, the "Notice Parties"): (a) all persons or bodies authorized to administer foreign proceedings of the Debtors; (b) all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code, including all known creditors and contract-counterparties of the Debtors in the United States; (c) all parties to litigation pending in the United States to which any of the Debtors is a party at the time of the filing of the Petitions; (d) the Office of the United States Trustee for the District of Delaware and; (e) all other parties who have requested notice in these cases as of the date of such service.

    9.    Additionally, the Foreign Representative proposes that, where it is required to serve papers it files in these chapter 15 cases in the future, it be permitted to do so by mail on: (i) the Notice Parties; (ii) any party that has entered an appearance or requested notice in these chapter 15 cases; and (iii) to the extent applicable, any party whose rights are affected by the relief requested (collectively, the "Master Service List").

    **B.**    **Objections to Petitions and Recognition Motion**

    10.    The Foreign Representative further requests that the Court require that objections or responses, if any, to the Petitions, recognition of the Canadian Proceeding as a foreign main proceeding or foreign nonmain proceeding, or to any of the other relief requested in the Recognition Motion, (i) be in writing, (ii) detail the factual and legal basis for the response or objection, (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and (iv) be filed with the Office of the Clerk of the Court, 824 N. Market Street, Third Floor, Wilmington, Delaware 19801, and served upon the following counsel for the Foreign Representative so as to be received at least seven days prior to the Recognition Hearing: (i) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., 16th Floor, P.O. Box 1347, Wilmington, Delaware 19801, Facsimile: (302) 658-3989, Attention: Derek C. Abbott (dabbott@morrisnichols.com), Tamara K. Mann (tmann@morrisnichols.com), Scott D. Jones (sjones@morrisnichols.com), and Liam Davis (ldavis@morrisnichols.com); and (ii) Miller Thomson LLP, 40 King Street West, Suite 5800, Toronto (Ontario), M5H 3S1, Canada, Facsimile: (416) 595-8695, Attention: Larry Ellis (lellis@millerthomson.com), David Ward (dward@millerthomson.com) and Matthew Cressatti (mcressatti@millerthomson.com).

      **C.**    **Recognition Hearing**

11. The Foreign Representative requests that the Recognition Hearing be scheduled during the week of March 9, 2026, or, if unavailable, then on another date that meets the needs of these cases.

**BASIS FOR RELIEF**

12. Bankruptcy Rule 2002(q)(1) requires "at least 21 days' notice by mail of the hearing" on a petition for recognition of a foreign proceeding to "the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the [Bankruptcy] Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct." Fed. R. Bankr. P. 2002(q)(1). The notice also is required to state whether the petition seeks recognition as a foreign main proceeding or foreign nonmain proceeding, and include any other document that the court may require. *See id.*

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and (iv) be filed with the Office of the Clerk of the Court, 824 N. Market Street, Third Floor, Wilmington, Delaware 19801, and served upon the following counsel for the Foreign Representative so as to be received at least seven days prior to the Recognition Hearing: (i) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., 16th Floor, P.O. Box 1347, Wilmington, Delaware 19801, Facsimile: (302) 658-3989, Attention: Derek C. Abbott (dabbott@morrisnichols.com), Tamara K. Mann (tmann@morrisnichols.com), Scott D. Jones (sjones@morrisnichols.com), and Liam Davis (ldavis@morrisnichols.com); and (ii) Miller Thomson LLP, 40 King Street West, Suite 5800, Toronto (Ontario), M5H 3S1, Canada, Facsimile: (416) 595-8695, Attention: Larry Ellis (lellis@millerthomson.com), David Ward (dward@millerthomson.com) and Matthew Cressatti (mcressatti@millerthomson.com).

    **C.**    **Recognition Hearing**

11. The Foreign Representative requests that the Recognition Hearing be scheduled during the week of March 9, 2026, or, if unavailable, then on another date that meets the needs of these cases.

**BASIS FOR RELIEF**

12. Bankruptcy Rule 2002(q)(1) requires "at least 21 days' notice by mail of the hearing" on a petition for recognition of a foreign proceeding to "the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the [Bankruptcy] Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct." Fed. R. Bankr. P. 2002(q)(1). The notice also is required to state whether the petition seeks recognition as a foreign main proceeding or foreign nonmain proceeding, and include any other document that the court may require. *See id.*

13. Bankruptcy Rules 2002(m) and 9007 provide that when notice is to be given under the Bankruptcy Rules, the court may enter orders designating the form and manner in which such notice shall be given. Fed. R. Bankr. P. 2002(m) and 9007. Further, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by the Foreign Representative. *See* 11 U.S.C. § 105(a) (stating that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]"); *see also* 11 U.S.C. 103(a) (chapter 1 is applicable in a case under chapter 15).

14. The Recognition Hearing Notice and the proposed manner of serving the Recognition Hearing Notice and related papers should be approved because they meet the requirements of Bankruptcy Rule 2002(q). The proposed Notice Parties comprise all of the parties required to be served under Bankruptcy Rule 2002(q), and the Foreign Representative intends to give such parties at least 21 days' notice by mail of the Recognition Hearing as required by the rule. Additionally, the Recognition Hearing Notice states that the Foreign Representative is seeking recognition of the Canadian Proceeding as a foreign main proceeding, or, in the alternative, a foreign nonmain proceeding. Finally, the Foreign Representative intends to include with the Recognition Hearing Notice copies of other key documents in these chapter 15 cases, including the Petitions, the Provisional Order, and the Recognition Motion (including the proposed Final Order). Accordingly, the form of Recognition Hearing Notice and the manner and timing of service comply with Bankruptcy Rule 2002(q) and should be approved.

15. Likewise, scheduling the Recognition Hearing during the week of March 9, 2026, is consistent with Bankruptcy Rule 2002(q) because it provides sufficient time for the

Foreign Representative to complete the mailing described herein and ensures that the Notice Parties will receive at least 21 days' notice by mail as required by the rule.

16. For similar reasons, approving service by mail on the Master Service List for future papers filed in these cases is an efficient, effective, and predictable method for providing notice to such key parties in these cases. The Master Service List is consistent with Local Rule 2002-1(b), which requires service of all motion papers "only upon counsel for the debtor, counsel for the foreign representative, the United States Trustee, counsel for all official committees, all parties who file a request for service of notices under Fed. R. Bankr. P. 2002(i) and all parties whose rights are affected by the motion, as applicable." To the extent such parties exist or are applicable in these chapter 15 cases, they are included in the Master Service List.

17. For these reasons, the Foreign Representative requests that the relief requested is appropriate, consistent with applicable Bankruptcy Rules, and should be granted.

**WAIVER OF REQUIREMENTS OF SECTION 1514(c) OF THE BANKRUPTCY CODE**

18. The Foreign Representative respectfully requests that the Court waive, to the extent applicable, the requirements of section 1514(c) of the Bankruptcy Code, which provides as follows:

> (c) When a notification of commencement of a case is to be given to foreign creditors, such notification shall—
> (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim;
> (2) indicate whether secured creditors need to file proofs of claim; and
> (3) contain any other information required to be included in such notification to creditors under this title and the orders of the court.

11 U.S.C. § 1514(c). Initially, it is not clear that section 1514 of the Bankruptcy Code is applicable to ancillary cases under chapter 15 of the Bankruptcy Code. According to the leading bankruptcy treatise, Collier on Bankruptcy, section 1514 of the Bankruptcy Code is the "last in a

series of sections dealing with the international aspects of cases under chapters *other than chapter 15*." 8 COLLIER ON BANKRUPTCY ¶ 1514.01 (Alan N. Resnick, *et al.*, 16th ed. rev. 2009) (emphasis added). Indeed, the requirements for notification set forth in section 1514 are at odds with the requirements of Bankruptcy Rule 2002(q) which clearly applies to a case under chapter 15 and with which the Foreign Representative will comply as set forth in this Motion.

19. Moreover, section 1514(c) applies only when a "notice of commencement" is issued. Under section 342(a) and Bankruptcy Rule 2002(f), a notice of commencement issues upon the entry of an order for relief. But there is no "order for relief" in a chapter 15 case, nor is there a requirement to issue a notice of commencement as in other chapters under the Bankruptcy Code. Furthermore, section 342 does not apply in chapter 15 cases. *See* 11 U.S.C. § 103(a) (stating that "sections 307, 362(o), 555 through 557, and 559 through 562 apply in a case under chapter 15"). For these reasons, the Foreign Representative does not believe that the requirements set forth in section 1514 apply to these cases. Out of an abundance of caution, however, the Foreign Representative respectfully requests that, to the extent applicable, the notice requirements of section 1514 of the Bankruptcy Code be waived in these chapter 15 cases.

20. In any event, the Foreign Representative does not currently intend to conduct a claims process in these chapter 15 cases; therefore, the requirements of section 1514(c) are not applicable. To the extent there is a claims process established in the Canadian Proceeding, the Foreign Representative will comply with any relevant orders issued by the Canadian Court with respect to providing notice of any applicable deadlines or procedures for filing claims.

## NOTICE

21. The Foreign Representative requests that the Court grant this Motion without notice. The Foreign Representative will serve notice of the signed order on the Notice

Parties in accordance with the procedures set forth in this Motion. In light of the nature of the relief requested, the Foreign Representative requests that this Court find that no further notice is required.

WHEREFORE, the Foreign Representative respectfully requests that the Court enter the Proposed Order substantially in the form attached as **Exhibit A**, and grant such other and further relief as the Court deems just and proper.

Dated:  February 17, 2026
        Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Tamara K. Mann*
Derek C. Abbott (No. 3367)
Tamara K. Mann (No. 5643)
Scott D. Jones (No. 6672)
Liam Davis (No. 7563)
1201 N. Market St., 16th Floor
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile:   (302) 658-3989
dabbott@morrisnichols.com
tmann@morrisnichols.com
sjones@morrisnichols.com
ldavis@morrisnichols.com

- and -

MILLER THOMSON LLP
Larry Ellis
David Ward
Matthew Cressatti
40 King Street West, Suite 5800
Toronto Ontario
M5H 3S1, Canada
Telephone: (416) 595-8500
Facsimile:   (416) 595-8695
lellis@millerthomson.com
dward@millerthomson.com
mcressatti@millerthomson.com

*Counsel for the Debtors*